## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

PHILIP JACKSON,        §
                                   §

         Plaintiff,       §
                                   §

v.                                     §     CIVIL ACTION NO. 2:08-CV-154
                                   §

INTEL CORPORATION,     §
                                   §

         Defendant.     §
                                   §
                                   §

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is defendant Intel Corporation's ("Intel") motion to transfer this case to the Eastern Division of the Northern District of Illinois. (Dkt. No. 10). Plaintiff opposes this motion. The Court has carefully considered the facts of this case along with parties' arguments and the applicable law. The Court finds that a transfer to Northern District of Illinois is warranted in this case under 28 U.S.C. § 1404(a). Defendants' motion to transfer is GRANTED for the reasons set forth in this opinion.

**I.**      **Background**

Plaintiff is a resident of Park Ridge, Cook County, Illinois. Intel is a Delaware corporation based in Santa Clara, California. *See* Pls.' Compl., Dkt. No. 1, at p. 1.

The plaintiff alleges that various products manufactured and sold by the defendant infringe U.S. Patent No. 4,596,900 ("the '900 patent), entitled "Phone-Line-Linked, Tone Operated Control Device." Plaintiff claims to own all rights, title and interest to the '900 patent.

## II.    Discussion

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)).

The Fifth Circuit has recently clarified the standard that district courts in this circuit should apply in deciding motions to transfer venue. *In re Volkswagen of America, Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), *cert. denied*, *Singleton v. Volkswagen of Am., Inc.*, No. 08-754, 2009 WL 425117 (Feb. 23, 2009).  The Court ruled that "§ 1404(a) venue transfers may be granted upon a lesser showing of inconvenience than *forum non conveniens* dismissals," and that "the burden that a moving party must meet to justify a venue transfer is less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal." *Id*. at 314 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  The Court held that moving party bears the burden of showing "good cause," which the Court explained is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id*.

The Court noted, however, that the relevant factors to be considered in ruling on a 1404(a) motion are the same as those in the *forum non conveniens* context. *Id*. at 314, n. 9 (citing *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.,* 321 F.2d 53, 56 (5th Cir. 1963)).  These include both private and public interest factors. *Id.*  The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other

practical problems that make trial of a case easy, expeditious and inexpensive. *Id*. (citing *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315. These factors are not necessarily exhaustive or exclusive, and none can be said to be of dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)). Furthermore, the Circuit held that the movant's "good cause" burden reflects the appropriate deference to plaintiff's choice of forum. *Id*. at 315.

The Federal Circuit applies regional circuit law to district court decisions related to venue. *See In re TS Tech USA Corp*., 551 F.3d 1315, 1319 (Fed. Cir. 2008) (applying the Fifth Circuit's *en banc Volkswagen* decision to this Court's transfer order).

### A.    Private Factors

### 1.    Convenience of the Parties and Witnesses and Cost of Attendance for Witnesses

The court will first assess the convenience of the parties involved. The plaintiff filed suit in the Marshall Division. Although Jackson details out why he chose this Court to file his suit, he does not contend that this district is more convenient to him than the Northern district of Illinois. On the other hand, defendant's principal place of business is closer to Marshall than to Chicago, and therefore, this forum is more convenient to the defendant than the Northern District of Illinois.

Next, the court considers the convenience of witnesses. The Fifth Circuit has established a threshold of 100 miles when giving substantial weight to this factor. *See In re Volkswagen,* 371 F.3d at 204-05. ("When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be travelled."). The Court reasoned that "[a]dditional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* The Chicago courthouse is approximately 860 miles from the Marshall courthouse.

The parties sharply disagree on where the key witnesses in this case are located. Defendant argues that attorneys from the firm that prosecuted plaintiff's patent are key non-party witnesses.[1] These witnesses are presently located in Chicago, Illinois. The Court agrees with defendant that the Northern District of Illinois would be a more convenient forum for these witnesses. However, the Court cannot limit its analysis to the witnesses identified by the defendant. Plaintiff argues that defendant's key witnesses are likely located in Austin, where defendant has a large research and development facility located. Based on its investigation to date, Intel contends that there no witnesses in Austin. Further, Intel does not contend that the Northern District of Illinois is more convenient than this Court to its own party witnesses. *See* Defs.' Reply, at 5. Furthermore, in patent cases such as this, expert witnesses used by parties at trial are likely to come from all over the country, and beyond. Therefore, the Court finds that this factor does not weigh in favor of a transfer.

---

[1] Defendant has identified Raiford A. Blackstone, Jr. and Linda L. Palomar of the Trexler law firm based in Chicago as material witnesses.

### 2. The Relative Ease of Access to Sources of Proof

Despite the fact that access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments, this alone does not render this factor superfluous and cannot be read out of the § 1404(a) analysis. *In re Volkswagen*, 545 F.3d at 316. Defendants contend that because Jackson and several of Jackson's prior patent counsel live in the Chicago, documents related to the patent in issue should be located in Chicago. Documents related to the alleged infringement are likely located with Intel, closer to this forum than to the Illinois court. However, defendants have identified no documents or evidence located in Illiniois that cannot be produced electronically or easily transported to Marshall.[2] Therefore, this factor does not weigh in favor of transfer.

### 3. The Availability of Compulsory Process to Secure the Attendance of Witnesses

Federal Rule of Civil Procedure 45(b)(2) governs the places where a subpoena issued by a court of the United States may be served. However, a court's subpoena power is subject to Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse. *See In re Volkswagen*, 545 F.3d at 316.

Defendant has identified some witnesses located in the Northern District of Illinois and that Court enjoys subpoena power over them. However, the Court is not persuaded that the Illinois court is a venue that enjoys "absolute subpoena power for both depositions and trial" over all of the witnesses in this case. *See In re Volkswagen*, 545 F.3d at 317. Therefore, the court finds this factor is neutral as to transfer.

---

[2] This factor takes into account the location of such physical evidence which cannot be easily transported to the place of trial. *See Odom v. Microsoft Corp*, Civil Action No. 6:08-CV-331, 2009 WL 279968, at *3 (E.D. Tex. Jan. 30 2009) (citing *In re TS Tech*, 551 F.3d at 1321).

**C.      Public Interest Factors**

**1.      The Administrative Difficulties Flowing from Court Congestion**

The court is unaware of any administrative difficulties that would arise from transferring or retaining this case. Plaintiff argues that because average time to trial in this district is less than that for the Northern District of Illinois, trying this case in this district would be more efficient.[3] Further, plaintiff points to local patent rules and procedures adopted by this district that enable efficient adjudication of patent cases as a reason to deny the transfer motion. However, the Court is not persuaded that any purported docket congestion or delay in the transferee forum is so great as to justify denying a transfer. This factor is therefore neutral as to transfer.

**2.      The Local Interest in Having Localized Interests Decided at Home**

Transfer may be appropriate where none of the operative facts occurred in the division and where the division had no particular local interest in the outcome of the case. *See In re Volkswagen*, 545 F.3d at 318. Plaintiff argues the sale of allegedly infringing products throughout the Eastern District of Texas creates sufficient local interest to tilt this factor against a transfer. However, the Fifth Circuit has rejected this reasoning. *See In re Volkswagen*, 545 F.3d at 318 (finding no local interest based on the local availability of a product subject to a product liability claim, as such rationale could apply to virtually any judicial district in the U.S. and would leave no room for consideration of those actually affected by the controversies and events giving rise to the case); *accord In re TS Tech*, 551 F.3d at 1321 (applying the rule to patent cases). Some of the factors that the Fifth Circuit has directed courts to look to in a products

_____

[3] Plaintiff contends that the published Caseload Profiles for the two districts indicate a difference of about a year in the average time that a case takes to reach trial.

liability case include where the accident occurred, where the witnesses live, where the evidence is located, where the parties live, and where the vehicle was purchased. *Id*. Of these factors, some are irrelevant in patent cases. As previously noted, the parties, witnesses and evidence are not concentrated close to either of the forum. The plaintiff is an Illinois resident, and the defendant is located in California. Defendant argues that wrongful acts of inequitable conduct have also taken place in Illinois. Given these facts, the Court finds that the Northern District of Illinois has a slightly greater local interest in this case than the Marshall Division, and this factor weighs in favor of transfer.

### 3.     The Familiarity of the Forum with the Law that will Govern the Case

Both this Court and the court in Illinois are fully capable of applying patent law to infringement claims. *See In re TS Tech*, 551 F.3d at 1320. This factor does not weigh in either direction.

### 4.     The Avoidance of Unnecessary Problems of Conflict of Laws

The court finds that this factor is inapplicable in this transfer analysis.

### 5.     Judicial Economy

Section 1404(a) requires that a Court ruling on a motion to transfer also take into account "the interest of justice." 28 U.S.C. § 1404(a) (1994); *In re Volkswagen*, 545 F.3d at 315 ("When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'"). The Federal Circuit has found that, in patent cases, the "consideration of the interest of justice, which includes judicial economy, may be determinative to a particular transfer motion, even if

the convenience of the parties and witnesses might call for a different result." *Regents of the Univ. of Cal. v. Eli Lilly & Co*., 119 F.3d 1559, 1565 (Fed. Cir. 1997) (citations omitted).

Defendant represents to the Court that over the course of twelve years, from 1994 through 2006, Jackson litigated with more than 75 parties over the '900 patent in the Northern District of Illinois, his home district. In all, he has filed nine infringement actions and defended two declaratory judgment actions in that district, thereby providing some of the judges there with significant familiarity with the patent-in-suit. Defendant argues that the knowledge and experience that the judges of that district have developed with respect to the '900 patent cannot easily be replicated in this district without a substantial duplication of effort. Therefore, Intel submits, the interest of judicial economy warrant a transfer of this action to the Northern District of Illinois in order to avoid an enormous duplication of time and effort by this Court. The Court agrees. Plaintiff does not dispute the existence of this prior litigation.[4] He simply argues that this Court lacks the means to ensure that upon transfer, this case is assigned to a judge that has presided over one of Jackson's other cases involving the '900 patent. Although the Court agrees that such is the case, it is undeniable that the likelihood of this case being assigned to a judge who is knowledgeable of the patent-in-suit in Illinois is much higher than here in this district.[5] Although there are no pending case involving the '900 patent in Illinois, the accumulated knowledge and familiarity of the judges in that court with both the plaintiff and his patent would

---

[4] The parties dispute whether all litigation in the Illinois court has been unfavorable to Jackson. However, the Court finds this determination irrelevant to the analysis of whether judicial resources would indeed be conserved by transferring this case.

[5] Further, the Court is of the opinion that the Northern District of Illinois likely has case assignment procedures in place to utilize prior experience of its judges with similar cases, especially in patent cases.

indeed facilitate efficient use of judicial resources. Where the interests of judicial economy counsel so strongly in favor of transferring a case, the Federal Circuit has held that other factors may be "afforded little or no weight."[6] *See Regents of the Univ. of Cal.*, 119 F.3d at 1565 ("[I]n a case such as this in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues."); *see also Invitrogen Corp. v. General Elec. Co.*, No. 6:08-CV-112, 2009 WL 331891, at *4 (E.D. Tex. Feb. 09, 2009) (transferring case to a court in which the plaintiff had previously filed and resolved numerous other cases involving three of the six patents at issue).

## III. Conclusion

The court has balanced all of the relevant factors. The Court finds that the proposed transferee forum is more convenient to some of the witnesses. More importantly, the interests of justice clearly mandate a transfer of this case, so as to preserve judicial economy and prevent inconsistent adjudications. Therefore, the court GRANTS defendant's motion to transfer and ORDERS that this case be transferred to the Northern District of Illinois. The clerk is directed to inform the Northern District of Illinois of prior litigation involving Jackson and the '900 patent,[7] so as to enable the most efficient assignment of this case under that district's rules.

---

[6] In *Regents of the Univ. of Cal.*, the Federal Circuit agreed with an Indiana district court's finding that although, under its regional circuit law, the convenience of the parties and witnesses favored neither itself nor the transferee forum, the interests of judicial economy would be served by retaining the case in Indiana rather than transferring to California. *Id.*

[7] *See* Defs' motion, Dkt. No. 10, at Appendix A.

SIGNED this 19th day of March, 2009.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE